**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:10CR43** |
| | ) | |
| **v.** | ) | **FINDINGS AND** |
| | ) | |
| **RYAN M. JINDRA,** | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the court on defendant Ryan M. Jindra's (Jindra) Motion to Dismiss Superseding Indictment (Filing No. 69). Previously, Jindra was charged in an Indictment with two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts I and II) and two counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts III and IV). The charges stem from an alleged investment fraud scheme. Jindra moved to dismiss the Indictment on the basis of duplicitous pleading. The undersigned magistrate judge held a hearing on that motion on February 2, 2011 (Filing No. 48 - Text Entry). At the conclusion of the hearing I stated my conclusions on the record and my decision to recommend that the motion to dismiss be denied. Following the hearing, the court filed a Findings and Recommendation recommending the denial of the motion (Filing No. 52). A Transcript of the hearing was filed on February 7, 2011 (Filing No. 54). Thereafter, Jindra timely filed his objections to the Findings and Recommendation (Filing No. 55). Before the government responded to Jindra's objection, the Grand Jury returned a Superseding Indictment adding an additional mail fraud count (Count V) and otherwise realleging the same allegations of the original Indictment (Filing Nos. 57 and 60).

    Jindra was arraigned on the Superseding Indictment on March 2, 2011, and entered a not guilty plea (Filing No. 66 - Text Entry). Jindra was given 10 days in which to reassert his motion to dismiss based on the Superseding Indictment (Filing No. 66 - Text Entry). Jindra filed his motion to dismiss the Superseding Indictment on March 10, 2011 (Filing No. 69), along with a supporting brief (Filing No. 70). Apart from the references to the Superseding Indictment, Jindra's motion to dismiss the Superseding Indictment is identical to the motion to dismiss the Indictment.

I find my rationale, as stated on the record at the conclusion of the hearing on the original motion to dismiss, for recommending the denial of Jindra's motion to dismiss the Indictment (Filing No. 48 - Text Entry) applies equally to the motion to dismiss the Superseding Indictment.  Accordingly,

**IT IS RECOMMENDED** to the Honorable Lyle E. Strom, Senior United States District Judge, that the motion to dismiss the Superseding Indictment (Filing No. 69), be denied.

**FURTHER, IT IS ORDERED:**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendations shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendations.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 11th day of March, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge