IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR43 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STATEMENT OF OBJECTIONS** |
| v. | ) | **TO MAGISTRATE JUDGE'S** |
| | ) | **FINDINGS AND** |
| RYAN M. JINDRA, | ) | **RECOMMENDATIONS** |
| | ) | |
| Defendant. | ) | |

Pursuant to NECrimR 59.2, the defendant, Ryan M. Jindra, by and through his attorney, Federal Public Defender David Stickman, hereby objects to the "Findings and Recommendation" contained at Docket Entry #71 and the conclusions stated on the record as reflected in Docket Entry #54 ("Transcript of the Motion to Dismiss Hearing" on February 2, 2011). For clarification, this Statement of Objections is nearly identical to the Statement of Objections previously filed herein. The United States has obtained a Superseding Indictment against the Defendant adding one additional count, but in other respects, the Superseding Indictment is identical to the original Indictment which the Defendant moved to dismiss. Thus, this Statement of Objections repeats the matters which the Defendant previously asserted.

**STATEMENT OF THE CASE**

On February 18, 2010, a grand jury sitting in the District of Nebraska returned a four-count Indictment against Mr. Jindra alleging two counts of wire fraud and two counts of mail fraud. (Dkt. Entry #1). Mr. Jindra entered a "not guilty" plea at his arraignment on March 17, 2010 and filed a motion to dismiss (Dkt. Entry #43) and a supporting brief (Dkt. Entry #44) on December 27, 2010. The government submitted a reply on January 19, 2011 (Dkt. Entry #47) and

the parties litigated this motion on February 2, 2011 before United States Magistrate Judge Thomas D. Thalken. (Dkt. Entry # 51). The lone witness was U.S. Postal Inspector Paul Beekhuizen. Transcript of February, 2, 2011 Proceedings, Dkt. Entry #54 (hereinafter "Tr.") at 6:2 – 43:4. After hearing the evidence and argument, Judge Thalken entered a number of findings from the bench and recommended that the motion to dismiss (Dkt. Entry #43) be denied in its entirety. Tr. at 48:20-21. The Defendant filed a Statement of Objections to the Findings and Recommendations found at filing number 52. Subsequently, the Government obtained a Superseding Indictment. The Defendant moved to dismiss the Superseding Indictment on the same grounds as his alleged in the previous motion to dismiss. The Magistrate Judge issued Findings and Recommendation on March 11, 2011. This Statement of Objections relates to the Findings and Recommendations at filing number 71. The parties have stipulated that the Court can rule on the Motion to Dismiss the Superseding Indictment based upon the evidence received at the first hearing on the motion to dismiss the Indictment. (Filing # 72).

## OBJECTIONS

1. Mr. Jindra objects generally to the recommendation that his motion to dismiss (Dkt. Entry #43) be denied in all respects. *See* Dkt. Entry #52 and #71.

2. Mr. Jindra objects to the magistrate judge's characterization of the Superseding Indictment as alleging a single "scheme and artifice to defraud" that was "done in various ways." *See* Tr. at 47:25-48:1. The Superseding Indictment includes three different schemes: 1) an investment advisory fee scheme to collect management fees in excess of contractual rates; 2) a scheme to market a fixed rate note program; 3) a scheme to require investor advisor representatives to pay for nonexistent errors and omissions insurance.

3. Mr. Jindra objects to the magistrate judge's finding that the three different programs involved were used to "rob[...] Peter to pay Paul versus others." *See* Tr. at 48:1-6.

4. Mr. Jindra objects to the magistrate judge's statement that *United States v. Caldwell*...is "very similar" to the instant case. *See* Tr. at 48:19.

5. Mr. Jindra objects to the magistrate judge's finding that each instance of the use of mail was "in furtherance of multiple schemes or a single scheme with multiple objects." *See* Tr. at 48:10-12.  Counts 1 and 2, the wire fraud counts, relate only to the investment advisory fee schedule.  *See* Tr. at 5:11-14.  Counts 3 and 4, the mail fraud counts, relate only to the fixed rate note program.  *See* Tr. at 5:4-10.  None of the counts relate to the errors and omissions insurance matter.

6. Mr. Jindra objects to the magistrate judge's conclusion that none of the counts is duplicitous.  *See* Tr. at 48:17.

## CONCLUSION

WHEREFORE, Mr. Jindra objects to the findings and recommendation of the United States Magistrate Judge (Dkt. Entry #52 and #71).  This Court should grant his Motion to Dismiss Superseding Indictment (Dkt. Entry #69). A brief in support of these objections is submitted contemporaneously herewith.

RYAN M. JINDRA, Defendant,

By:   s/ David R. Stickman
     **DAVID R. STICKMAN**
     **Federal Public Defender**
     222 South 15th Street, Suite 300N
     Omaha, NE 68102
     (402) 221-7896
     Fax: (402) 221-7884
     e-mail: david_stickman@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jan Sharp, Assistant United States Attorney, Omaha, NE.

                                                          s/ David R. Stickman